Per Curiam.

The determinative issue is whether there is any authority in law by which a county board of education can transfer the territory of a local school district in one county to a local school district in an adjoining county.
Section 3311.231, Revised Code (127 Ohio Laws, 204, 206), as in effect prior to its amendment effective July 28, 1959 (128 Ohio Laws, S. 455), is controlling.
That section then provided in part: “* * * qualified electors * * * may propose, by petition, the transfer of a part or all of one or more local school districts within the county to an adjoining county school district or to an adjoining city or exempted village school district.” (Emphasis added.)
. That section clearly permitted a county board to transfer a local school district “to an adjoining county school district” but did not authorize a county board to transfer a local school district to a local school district of an adjoining county school district. State, ex rel. Hall, v. Miami County Board of Education, 131 Ohio St., 506.
Mandamus will not lie to compel a board of education to exercise a power which it does not possess.
The judgment of the Court of Appeals is affirmed.

Judgment affirmed.

Weygandt, C. J., Zimmerman, Tart, Matthias, Bell, Herbert and Peck, JJ., concur.